IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3157-D

| | |
|---|---|
| TRAVEN MARQUET LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MELISSA D. PELFREY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

Traven Marquet Lee ("Lee" or "plaintiff"), a former pretrial detainee[1] proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1], along with an affidavit [D.E. 2]. Lee names Halifax County District Attorney Melissa D. Pelfrey and the Town of Halifax and/or Halifax Mayor Gerald Wright as defendants. Compl. 2. Lee seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 3]. On September 22, 2010, Lee filed a motion for amercement [D.E. 6].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis"

---

[1] After filing this action, Lee was convicted of attempted first degree murder, assault with a deadly weapon with intent to kill or inflict serious injury, and attempted robbery with a dangerous weapon. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0564213 (last visited May 24, 2011).

in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Lee alleges that he was detained "for over a year away from Plaintiff's family and has not been convicted of a crime," despite filing "a request for speedy trial with the Clerk of Superior Court for Halifax County" and serving a copy of his request on defendant Pelfrey. Compl. 3. Plaintiff alleges that "Pelfrey refuses to set a date for a hearing" or conversely that she "set another trial date on July 12, 2010 knowing that Plaintiff cannot have . . . court proceedings until after a competency hearing is held."[2] Id. at 4. Additionally, Lee alleges that "[d]uring the course of Plaintiff's incarceration, Plaintiff developed Hypertension that caused Plaintiff to have Bell's Palsy, which is equivalent to a mild stroke" and that "Plaintiff's wife also filed for divorce because she was told by Detectives that 'Plaintiff would either be in a mental institution or prison for the rest of his life.'" Id. at 3–4. In addition to Pelfrey, Lee sues the Town of Halifax and/or Halifax Mayor Gerald Wright because "[t]he municipality is liable for its employees." Id. at 4. Lee seeks $1.7 million in compensatory and punitive damages. Id.

---

[2] It appears that Lee spent some portion of his pre-trial detention period at Dorothea Dix Hospital in Raleigh, undergoing a competency evaluation. See Compl. 4.

2

As for defendant Pelfrey, prosecutors are absolutely immune when carrying out prosecutorial functions. See Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). Lee named Pelfrey as a defendant solely because Pelfrey prosecuted him, but Pelfrey has immunity. See, e.g., Imbler, 424 U.S. at 431; Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Therefore, Lee's claims against Pelfrey are dismissed as frivolous.

As for the Town of Halifax, Lee has failed to state a claim against this defendant on which relief may be granted. Alleging that a municipal employee committed a constitutional violation is necessary in order to state a claim against a municipality, but is not sufficient. "[A] municipality is only liable under section 1983 if it causes [a constitutional] deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999); see, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997). This requirement limits municipal liability under section 1983 to those actions for which the municipality is actually responsible by distinguishing between acts attributable to the municipality and acts attributable only to municipal employees. See, e.g., Bd. of Cnty. Comm'rs, 520 U.S. at 403–04; Riddick v. Sch. Bd., 238 F.3d 518, 523 (4th Cir. 2000). Therefore, a municipality may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs, 520 U.S. at 403.

"The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of Cnty. Comm'rs, 520 U.S. at 404 (emphasis removed); see, e.g., City of Canton v. Harris, 489 U.S. 378, 389 (1989) ("Municipal liability under [section] 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives." (quotation and alteration omitted)). Thus, a plaintiff must do more than identify something that the municipality "could have done" to

3

prevent the alleged injury. See Harris, 489 U.S. at 392; City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (plurality opinion). Specifically, to impose section 1983 liability on a municipality, a plaintiff must show that "a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." Bd. of Cnty. Comm'rs, 520 U.S. at 411; see Harris, 489 U.S. at 392; Carter, 164 F.3d at 218. Lee has failed to meet this high burden, and his claims against the Town of Halifax are dismissed as frivolous.

Likewise, to the extent that Lee seeks to proceed against Halifax Mayor Gerald Wright, Lewis fails to identify any individual act or omission that Wright committed against him that rises to the level of a constitutional violation. Rather, Lewis appears to assert a claim against Wright in his supervisory capacity. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003); Carter, 164 F.3d at 218; Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Next, the court addresses Lee's motion for amercement.[3] To the extent that Lee seeks to amend his complaint to add a claim for civil conspiracy, the motion is denied as futile. To allege a conspiracy under section 1983, Lee must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right...." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Lee fails to plausibly allege a "meeting of the minds" between any of the named defendants to violate his constitutional

---

[3] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

rights. Twombly, 550 U.S. at 555; Giarratano, 521 F.3d at 304 n.5. Thus, Lee has failed to state a claim on which relief may be granted. To the extent Lee seeks to amend his complaint to assert a damages claim against Pelfrey in the amount of $500, the court denies the motion as futile.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A, and DENIES Lee's motion for amercement [D.E. 6]. The Clerk of Court is directed to close the case.

SO ORDERED. This 24 day of May 2011.

JAMES C. DEVER III
United States District Judge